IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES MERRILL, JR., | ) |
| Petitioner, | ) |
| v. | ) CASE NO. 2:15-cv-619-MHT-GMB |
| | ) [WO] |
| MARY COOK, et al., | ) |
| Respondents. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Petitioner James Merrill, Jr. ("Merrill"), a former[1] inmate of the Alabama Department of Corrections, seek a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on his conviction and sentence in the Circuit Court for Barbour County, Alabama. Doc. 1. The court RECOMMENDS that the petition be DENIED and the case dismissed.

### I. PROCEDURAL HISTORY

Merrill was charged with one count of trafficking cocaine in violation of Alabama law. Doc. 11-1 at 19–20. He moved to suppress evidence against him obtained in a traffic stop, arguing that there were no valid grounds for the stop, the ensuing search, or Merrill's arrest. Doc. 11-1 at 26–29. After a hearing, the trial court denied the motion. Doc. 11-1 at 31. Merrill went to trial, and a jury found him guilty as charged. Doc. 11-1 at 82–83. The trial court sentenced Merrill to life in prison as an habitual offender. Doc. 11-1 at 123.

---

[1] Merrill has been paroled. Doc. 28. The court does not deem his habeas action moot, however, because a petitioner who has been released on parole with conditions satisfies the "in custody" requirement. *See Maleng v. Cook*, 490 U.S. 488, 491 (1989).

Merrill appealed, and the Alabama Court of Criminal Appeals dismissed the appeal as untimely filed, issuing a certificate of judgment on April 8, 2011. Doc. 11-1 at 134–35.[2] Merrill did not seek further review of that appeal before the Alabama Supreme Court. Merrill then filed three petitions for post-conviction relief under Alabama Rule of Criminal Procedure 32, as discussed below.

A.    **First Post-conviction Proceeding and Out-of-Time Direct Appeal**

In his first Rule 32 post-conviction petition, Merrill sought permission to file an out of time appeal.[3] Doc. 11-1 at 137–46. The trial court granted the petition on May 3, 2011. Doc. 11-1 at 149. As a result, Merrill's direct appeal resumed.

Merrill argued that the trial court erred when it (1) denied his motion to suppress evidence obtained after a warrantless traffic stop, and (2) denied his motion to reveal the identity of the confidential informant whose information lead to Merrill's stop and arrest. Docs. 11-6 & 11-7 at 3. The Alabama Court of Criminal Appeals affirmed. Doc. 11-7 at 6. It denied Merrill's claim regarding the confidential informant on the merits using the available trial proceedings. Doc. 11-7 at 5–6. It held that Merrill failed to preserve his claim regarding the motion to suppress because the record he submitted did not include a transcript of the hearing, and the allegations in the motion to suppress and the brief were insufficient to show error. Doc. 11-7 at 4.

Merrill did not request rehearing before the Court of Criminal Appeals or seek

---

[2] The Court also remanded for imposition of required penalties and fees. Docs. 11-3 at 3 & 11-7 at 2 n.1.
[3] The same counsel represented Merrill for the untimely direct appeal, the first Rule 32 petition, and the resumed direct appeal. Doc. 11-1 at 127 & 145; Doc. 11-8 at 2.

2

further review before the Alabama Supreme Court.  The Court of Criminal Appeals issued a certificate of judgment on December 30, 2011. Doc. 11-8.

**B.      Second Post-conviction Proceeding**

In his second Rule 32 post-conviction petition, Merrill argued that his appellate counsel provided ineffective assistance by failing to ensure that the appellate record included a transcript of the hearing on his motion to suppress. Docs. 11-9 at 13–15 & 11-13 at 3.  The trial court summarily dismissed the petition because Merrill failed to state a claim upon which relief could be granted and because Merrill's claims "fail[ed] to contain clear and specific statements of the grounds upon which relief is sought," as required by Alabama Rule of Criminal Procedure 32.6(b).[4] Doc. 11-9 at 35.  The issues were summarily dismissed pursuant to Alabama Rule of Criminal Procedure 32.7(d).[5] Docs. 11-9 at 35 & 11-13 at 3.

Merrill appealed, and the Court of Criminal Appeals affirmed the dismissal because

---

[4] Rule 32.6(b) requires specificity in the petition:
> Each claim in the petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds.  A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings.

Ala. R. Crim. P. 32.6(b); *see Daniel v. Comm'r, Ala. Dep't of Corr.*, 822 F.3d 1248, 1260 (11th Cir. 2016) (holding that a summary dismissal of federal claim for lack of specificity under Rule 32.6(b) and Rule 32.7(d) is treated as a ruling on the merits) (citations omitted).

[5] Rule 32.7(d) provides for summary disposition:
> If the court determines that the petition is *not sufficiently specific*, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings, the court may either dismiss the petition or grant leave to file an amended petition.  Leave to amend shall be freely granted.  Otherwise, the court shall direct that the proceedings continue and set a date for hearing.

Ala. R. Crim. P. 32.7(d) (emphasis added); *see Daniel*, 822 F.3d at 1260 (holding that, where state court ruled that petitioner failed to state a claim under Rule 32.7(d), the adjudication was on the merits for purposes of federal habeas review).

3

the claims before the trial court were not sufficiently pleaded as required by Rule 32.6(b) and Rule 32.7(d). Doc. 11-13 at 3–7. Merrill did not request a rehearing before the Court of Criminal Appeals or further review before the Alabama Supreme Court. A certificate of judgment issued on November 7, 2012. Doc. 11-14.

## C.   Third Post-conviction Proceeding

In his third Rule 32 post-conviction petition, Merrill raised multiple claims, including that (1) the court lacked jurisdiction to render judgment or impose sentence on him because the traffic stop was invalid and the arrest warrant for him was defective; (2) the court reporter failed to preserve the suppression hearing transcript, which prevented Merrill from presenting his suppression issue on appeal; (3) Merrill was unlawfully arrested prior to the search of his vehicle; (4) the evidence against Merrill at trial was obtained from an unlawful search and seizure; (5) trial counsel provided ineffective assistance by failing to file a pretrial motion challenging the chain of custody of seized drug evidence; (6) trial counsel provided ineffective assistance by failing to challenge the traffic stop as an unlawful arrest; (7) appellate counsel provided ineffective assistance by failing to raise the chain of custody issue; and (8) appellate counsel provided ineffective assistance by failing to ensure the suppression hearing transcript was part of the appellate record for the traffic stop issue. Docs. 11-15 at 15–47 & 11-19 at 3–5. The trial court summarily dismissed Merrill's petition because the claims were successive, failed to state a claim for relief, and were without merit; it also noted that Merrill failed to argue a valid jurisdictional challenge. Docs. 11-15 at 54 & 11-19 at 7.

Merrill appealed, raising these same claims and others.[6] The Court of Criminal Appeals upheld the summary dismissal. Doc. 11-19 at 10 & 13. It held that claims (1) through (4), above, were not jurisdictional and were precluded as part of a successive petition under Alabama Rule of Criminal Procedure 32.2(b).[7] Doc. 11-19 at 10–13. On the question of whether Merrill showed good cause warranting review of these claims, it held that

> Merrill failed to sufficiently allege in any of his claims that good cause existed why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice.

Doc. 11-19 at 11; *see* Doc. 11-19 at 11–13 (addressing the specific claims and citing authority indicating that similar issues were not jurisdictional and subject to dismissal under Rule 32.2(b)).

Regarding claims (5) through (8), above, asserting ineffective assistance of counsel, the Court of Criminal Appeals rejected Merrill's argument that the claims were

---

[6] Merrill also "argu[ed] the State violated his due-process rights by failing to send him a copy of its response, and also argu[ed] that the circuit court erred by adopting an order prepared by the State." Doc. 11-19 at 7. The Court of Criminal Appeals held that Merrill failed to preserve his claim that he did not receive a copy of the state's response, and it held that the lower court issued a reasoned decision that was not simply an adoption of the state's proposed ruling. Doc. 11-19 at 8–10.

[7] Rule 32.2(b) provides:
> If a petitioner has previously filed a petition that challenges any judgment, all subsequent petitions by that petitioner challenging any judgment arising out of that same trial or guilty-plea proceeding shall be treated as successive petitions under this rule. The court shall not grant relief on a successive petition on the same or similar grounds on behalf of the same petitioner. A successive petition on different grounds shall be denied unless (1) the petitioner is entitled to relief on the ground that the court was without jurisdiction to render a judgment or to impose sentence or (2) the petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice.

Ala. R. Crim. P. 32.2(b).

5

jurisdictional and held that they were precluded by Alabama Rule of Criminal Procedure 32.2(d),[8] which requires that ineffective assistance of counsel claims be raised as soon as practicable—and "[i]n no event can relief be granted on a claim of ineffective assistance of trial or appellate counsel raised in a successive petition." Doc. 11-19 at 13; Ala. R. Crim. P. 32.2(d); Ala. R. Crim. P. 32.7(d) (providing for summary dismissal); *cf. Banville v. State*, 2017 WL 1034374, at *4 (Ala. Crim. App. Mar. 17, 2017) (permitting second post-conviction action challenging counsel's performance when first post-conviction action sought only permission to file late appeal and interpreting Rule 32.2(d) "as precluding only a second or later petition where a petitioner has previously challenged a judgment of conviction or sentence by alleging that his counsels's [sic] handling of a trial or appeal in the first petition was ineffective and distinguish it from a first petition containing a claim alleging that counsel failed to timely perfect an appeal as a part of an allegation that the failure to appeal his case was not the fault of the petitioner").

Merrill's application for rehearing was denied. Docs. 11-20 & 11-21. Merrill unsuccessfully petitioned for a writ of certiorari to the Alabama Supreme Court, and a certificate of judgment issued on July 17, 2015. Docs. 11-22, 11-23 & 11-24.

## II. HABEAS PETITION

Merrill filed this § 2254 petition on July 22, 2015. *See Houston v. Lack*, 487 U.S.

---

[8] Rule 32.2(d) provides:
>Any claim that counsel was ineffective must be raised as soon as practicable, either at trial, on direct appeal, or in the first Rule 32 petition, whichever is applicable. In no event can relief be granted on a claim of ineffective assistance of trial or appellate counsel raised in a successive petition.

Ala. R. Crim. P. 32.2(d).

6

266, 271–72 (1988) (discussing the "mailbox rule"); Rule 3(d) of the Rules Governing Section 2254 Cases in the U.S. District Courts (incorporating the mailbox rule for habeas petitions); Doc. 1 at 15.  Merrill raises four primary claims for habeas relief.  First, he asserts that the conviction was based on evidence obtained pursuant to an unlawful search and seizure. Doc. 1 at 16.  Second, the conviction was based on evidence obtained pursuant to an unlawful arrest. Doc. 1 at 18.  Third, Merrill was denied effective assistance of counsel because (a) pretrial and trial counsel failed to challenge the chain of custody of drug evidence and failed to challenge his stop, arrest, search, and evidence obtained from him; and (b) appellate counsel and the first post-conviction counsel failed to ensure the transcript for the suppression hearing was part of the record and failed to challenge the search and seizure and chain of custody issues. Doc. 1 at 19–22.  Fourth, the court was without jurisdiction to render the conviction or impose sentence because the affidavit supporting the arrest warrant was insufficient to establish probable cause, omitted "operative fact[s]," and the officer submitting the affidavit included deliberate falsehoods or acted with reckless disregard for the truth. Doc. 1 at 23.

Respondents do not concede that Merrill's petition was timely filed. Doc. 11 at 8 n.5.  They focus, however, on the argument that Merrill's claims are procedurally defaulted because they were not exhausted in the state courts properly, they were denied in state court on adequate and independent state court grounds, or both. Doc. 11 at 9.  The court advised Merrill of the constraints on federal courts to grant habeas relief, including procedural default of federal claims, and the ways to overcome default. Doc. 13.  Merrill responded, and Respondents filed a supplemental answer to Merrill's argument that he showed cause

and prejudice to excuse procedural default. Docs. 14, 15 & 17.

After reviewing the § 2254 petition and Respondents' answers, in conjunction with the other filings in this case and the state-court record, the court concludes that no evidentiary hearing is required, and that the petition is due to be denied in accordance with the provisions of Rule 8(a), Rules Governing Section 2254 Cases in United States District Courts.

### III. EXHAUSTION AND PROCEDURAL DEFAULT

The procedural default doctrine is closely related to the exhaustion requirement in § 2254 cases. To preserve a federal claim for habeas review, principles of exhaustion require a petitioner to present the federal claim and facts supporting it to the state's highest court, either on direct appeal or on collateral appeal through post-conviction proceedings. *See Pruitt v. Jones*, 348 F.3d 1355, 1358–59 (11th Cir. 2003) (holding that exhaustion principles apply to state post-conviction proceedings and direct appeal). A petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including review by the state's court of last resort, even if review in that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Pruitt*, 348 F.3d at 1359. In Alabama, this requires an appeal to the Court of Criminal Appeals, an application for rehearing, and a petition for discretionary review with the Alabama Supreme Court. *See Pruitt*, 348 F.3d at 1359 (describing Alabama procedures for discretionary review); *Smith v. Jones*, 256 F.3d 1135, 1140 (11th Cir. 2001) ("Alabama's discretionary direct review procedures bring Alabama prisoner habeas petitions within the scope of the *Boerckel* rule."). Doing so ensures the

state courts have the first opportunity to apply controlling law to their case and petitioner's claim. *See Duncan v. Walker*, 533 U.S. 167, 179 (2001) ("The exhaustion rule promotes comity in that it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.") (further quotation marks and citations omitted).

Under procedural default principles, federal habeyas review is unavailable if the state-court decision was made on a state-law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). To rely on a state court's procedural bar of a federal claim, three conditions must be met: (1) the last state court that rendered judgment in the case must clearly and expressly state that it relied on state procedural rules to resolve the federal claim without reaching the merits of the federal claim, (2) the state-court decision must rest entirely on state-law grounds and not be intertwined with an interpretation of federal law, and (3) the state procedural rule must be firmly established and regularly followed. *Ward v. Hall*, 592 F.3d 1144, 1156–57 (11th Cir. 2010) (citations omitted); *see also id*. at 1156 n.5 (noting the caveat that, "'[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground'") (quoting *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)). If a state court plainly holds that a claim is barred under an adequate and independent state-court ground, then federal courts may not review the claim even if the state court alternatively rejected the federal claim on the merits. *See Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989) (holding that "a state court need not fear reaching the merits of a federal claim in an *alternative*

holding" when the adequate and independent state ground "is a sufficient basis for the state court's judgment").

If a petitioner did not present a claim to the highest state court but would now be unable to present the claim in state court because of a state rule, such as time limits for filing, the petitioner "meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him." *Coleman*, 501 U.S. at 732. But the petitioner has "procedurally defaulted" the federal claim under an adequate and independent state rule, that is, the timely filing requirements. *See id.* at 735 n.1 ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] there is a procedural default for purposes of federal habeas.") (citations omitted); *see also Gray v. Netherland*, 518 U.S. 152, 161–62 (1996) (holding that, where state court remedies are no longer available because petitioner failed to file a direct appeal or initiate a timely state post-conviction action, petitioner has procedurally defaulted on his claims and is generally barred from asserting claims in a federal habeas proceeding); *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) (holding that a petitioner has procedurally defaulted if she fails to exhaust claims in state court and is barred from raising claims in state court by firmly established and regularly followed state procedural rules).

The court "presume[s] that there is no independent and adequate state ground for a state court decision when the decision 'fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion.'" *Coleman*, 501 U.S. at

735 (quoting *Michigan v. Long*, 463 U.S. 1032, 1040–41 (1983)). In all other cases, however, the court makes no such presumption. *Coleman*, 501 U.S. at 739. If the last reasoned opinion "fairly appear[s] to rest primarily upon federal law," then the court presumes the subsequent order relies on federal law. *Ylst*, 501 U.S. at 803 (citation omitted). Similarly, if the last reasoned order invoked procedural default, then the court "presume[s] that a later decision rejecting the claim did not silently disregard that bar and consider the merits." *Id.*

### A.   Merrill's Claims Are Procedurally Defaulted

#### 1.   *Claim 1—Search and Seizure*

In Claim 1, Merrill argues that his conviction was based on evidence taken during an illegal search and seizure during a traffic stop. Doc. 1 at 16–17. Merrill raised the search and seizure issue in his direct appeal after his first post-conviction petition. Docs. 6 & 11-7 at 3. The Alabama Court of Criminal Appeals affirmed the conviction. Doc. 7 at 4–6.

Merrill could have pursued this issue to the Alabama Supreme Court, but he did not and the time to do so has expired. *See Pruitt*, 348 F.3d at 1359; Ala. R. App. P. 39(c) (requiring an application for discretionary review within 14 days of decision on application for rehearing). Merrill is barred by Alabama rules from raising this issue in a future Rule 32 petition because the petition would be untimely and successive, and the claims were raised at trial and on direct appeal. *See* Ala. R. Crim. P. 32.2(c) (providing that the general rule requires a petition within one year of the judgment); Ala. R. Crim. P. 32.2(b) (barring successive claims absent a valid claim that the court lacked jurisdiction or a showing of good cause and miscarriage of justice if the claim is not addressed); Ala. R. Crim. P. 32.2(a)

(precluding claims that were raised or could have been raised at trial and on direct appeal); *see also McNair v. Campbell*, 416 F.3d 1291, 1304 n.11 (11th Cir. 2005) (noting that Alabama state courts refuse to address new claims raised in a successive habeas petition unless the petitioner shows good cause and a miscarriage of justice) (citation omitted). Consequently, the claim is treated as procedurally defaulted pursuant to an adequate and independent state-court ground. *See Coleman*, 501 U.S. at 729, 735 n.1.

### 2. *Claim 2—Unlawful Arrest*

In Claim 2, Merrill argues that his warrantless arrest after the traffic stop was unlawful. Doc. 1 at 18. Merrill raised this claim in his third Rule 32 post-conviction action. Doc. 11-15 at 24–26. The Court of Criminal Appeals held that the claim was precluded by Alabama Rule of Criminal Procedure 32.2(b) because it was raised in a successive Rule 32 petition. Doc. 11-19 at 10–13. The Alabama Supreme Court denied further review, and this court presumes that it did so based on the procedural bar. *See Ylst*, 501 U.S. at 803. Alabama's rule precluding successive petitions is firmly established and regularly followed. *See Hill v. Jones*, 81 F.3d 1015, 1024 (11th Cir. 1996) (citing common-law authority recognizing Alabama's firmly established and regularly followed rule against successive Rule 32 petitions); *McNair*, 416 F.3d at 1304 n.11. This court therefore concludes that Merrill's claim regarding his arrest is procedurally defaulted for federal habeas review. *See Coleman*, 501 U.S. at 729.

### 3. *Claim 3—Ineffective Assistance of Counsel*

In Claim 3, Merrill first argues that his pretrial and trial counsel failed to challenge the chain of custody of drug evidence and failed to challenge the stop, arrest, and search

12

for lack of probable cause or reasonable suspicion to stop Merrill. Doc. 1 at 19. Merrill challenged counsel's performance regarding the chain of custody and the stop, arrest, and search in his third Rule 32 petition. Doc. 11-15 at 31–37. The Court of Criminal Appeals held that the claim was defaulted under Rule 32.2(d) because it was an ineffective assistance of counsel claim raised in a successive petition. Doc. 11-19 at 13. Merrill unsuccessfully sought rehearing. Doc. 21. The Alabama Supreme Court denied further review, and this court presumes that it did so based on the procedural bar in Rule 32.2(d). Docs. 11-23 & 11-24; *see Ylst*, 501 U.S. at 803. Rule 32.2(d) in this context is firmly established and regularly followed. *E.g.*, *Banville*, 2017 WL 1034374, at *4 (Ala. Crim. App. Mar. 17, 2017) (distinguishing application of Rule 32.2(d) when first post-conviction action sought only permission to file late appeal). Rule 32.2(d) constitutes an adequate and independent state-court ground barring federal habeas review of Merrill's claims. *E.g.*, *Hunt v. Comm'r, Ala. Dep't of Corr.*, 666 F.3d 708, 730 (11th Cir. 2012) (holding that the Rule 32.2(b) and (d) bars against successive Rule 32 petitions would make exhaustion unavailable for petitioner); *Crawford v. Davenport*, 2015 WL 4661408, at *5 (M.D. Ala. Aug. 5, 2015) (adopting recommendation that Rule 32.2(d) precluded federal review because petitioner could have, but did not, assert ineffective assistance of counsel in motion for new trial and on direct appeal). Consequently, Merrill's ineffective assistance of trial counsel claim is procedurally defaulted. *Coleman*, 501 U.S. at 729.

Merrill further argues that his direct appeal and first Rule 32 petition counsel failed to ensure the transcript for the suppression hearing became part of the record. Doc. 1 at 20–22. Ineffective assistance of post-conviction counsel is not grounds for § 2254 relief. *See*

28 U.S.C. § 2254(i). And Merrill challenged counsel's performance regarding the transcript in his second Rule 32 petition. Docs. 11-9 at 13–15 & 11-13 at 3. Merrill pursued the issue as far as the Court of Criminal Appeals, which affirmed the lower court's summary dismissal of the claims as insufficiently pled under Alabama Rules of Criminal Procedure 32.6(b) and 32.7(d). Docs. 11-9 at 35 & 11-13 at 3–7. "Summary dismissals under Rules 32.6(b) and 32.7(d) are adjudications on the merits and subject to AEDPA review." *Daniel v. Comm'r, Ala. Dep't of Corr.*, 822 F.3d 1248, 1260 (11th Cir. 2016) (addressing failure to plead with specificity) (citations omitted). Merrill, however, did not seek rehearing before the Court of Criminal Appeals or seek further review before the Alabama Supreme Court, and therefore he failed to exhaust his claim. Because Merrill is now precluded by state procedural rules from raising this claim, it is treated as procedurally defaulted for federal habeas purposes.[9] *See Coleman*, 501 U.S. at 735 n.1; *Hunt*, 666 F.3d at 730; *Crawford*, 2015 WL 4661408, at *5.

Merrill argues that his direct appeal and first post-conviction counsel failed to challenge the search and seizure and chain of custody issues. Merrill raised these claims in his third Rule 32 petition and his appeal. They were deemed to have been defaulted under Rule 32.2(d) as successive claims of ineffective assistance of counsel. Doc. 11-19 at 5 & 13; Doc. 11-23; Doc. 11-24. The Alabama Supreme Court denied certiorari on the same grounds. *See Ylst*, 501 U.S. at 803. The state-court ruling thus constitutes an adequate

---

[9] Merrill tried to raise this issue in his third Rule 32 petition. The Court of Criminal Appeals held that it was precluded by the ban in Rule 32.2(d) on ineffective assistance claims raised in subsequent petitions. Doc. 11-19 at 13.

and independent state-court ground barring federal habeas review. *See Hunt*, 666 F.3d at 730; *Crawford*, 2015 WL 4661408, at *5. Merrill's ineffective assistance of appellate counsel claims are procedurally defaulted pursuant to an adequate and independent state court ground. *See Coleman*, 501 U.S. at 729, 735 n.1.

### 4. *Claim 4—Lack of Jurisdiction*

In Claim 4, Merrill argues that the state court was without jurisdiction to render the conviction or impose sentence because the complaint affidavit supporting the arrest warrant was insufficient to establish probable cause, omitted "operative fact[s]," and the officer submitting the affidavit included deliberate falsehoods or acted with reckless disregard for the truth. Doc. 1 at 23. Merrill raised this claim in his third Rule 32 petition, and the Court of Criminal Appeals ruled that the claim was not jurisdictional and that it was subject to dismissal under the procedural bar in Rule 32.2. Doc. 11-15 at 17–21; Doc. 11-19 at 3–4 & 10–11. As previously discussed, the Alabama Supreme Court's subsequent denial of review renders this claim procedurally defaulted for federal habeas review. Docs. 11-23 & 11-24; *Ylst*, 501 U.S. at 803; *Coleman*, 501 U.S. at 729.

### B. No Exceptions Permitting Review of Defaulted Claims

Although Merrill's claims are procedurally defaulted, this court could reach the merits of those claims in two instances:

> First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different.

15

> Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. A "fundamental miscarriage of justice" occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent.

*Henderson*, 353 F.3d at 892 (citations omitted). With exceptions not relevant to Alabama, ineffective assistance of counsel during post-conviction proceedings cannot be used as cause to excuse procedural default. *Coleman*, 501 U.S. at 752–53 (holding that post-conviction counsel's "error cannot be constitutionally ineffective; therefore [the petitioner] must 'bear the risk of attorney error that results in a procedural default'"), *modified by Martinez v. Ryan*, 566 U.S. 1, 18 (2012). In addition, a litigant's pro se status, lack of education, and unfamiliarity with the law do not qualify as cause for failing to preserve a federal claim. *Harmon v. Barton*, 894 F.2d 1268, 1275 (11th Cir. 1990) (holding that these factors do not suggest that "an issue is intrinsically beyond the pro se petitioner's ability to present") (citation omitted).

The court afforded Merrill an opportunity to demonstrate the existence of cause for his failure to raise his defaulted claims in the state courts properly and the prejudice resulting from this failure, or to show that a fundamental miscarriage of justice would result if the court did not review his federal claims. Doc. 13. Merrill responded by focusing on the cause for defaulting his first claim—that is, the allegedly unlawful search and seizure. Merrill stated that his appellate counsel failed to ensure the transcript was part of the record and convinced Merrill that the unlawful seizure and seizure claim was not preserved for appeal so the Court of Criminal Appeals would not hear it. Doc. 14 at 1. Merrill faults the same counsel for not raising the issue in the first Rule 32 petition, stating that "either

counsel is completely incompetent or he was working against me" because counsel raised the issue for appeal but failed to brief it adequately. Doc. 14 at 2. Merrill states that if counsel had not convinced him otherwise, Merrill would have raised the unconstitutional search claim in his second Rule 32 petition, and the Court of Criminal Appeals would have addressed it and overturned his conviction. Doc. 14 at 2. Merrill makes a similar argument in his "Motion to Amend Petitioners Motion to Establish 'Cause' and to Show 'Prejudice.'" Doc. 15.

Although Merrill repeatedly refers to the actions of counsel during his first Rule 32 petition, the state court documents make clear that Merrill is critiquing actions taken during the direct appeal. The same attorney represented Merrill in the first Rule 32 petition and on direct appeal. *See* supra n.3. In Merrill's first post-conviction action, he raised only a request to file an out-of-time appeal, which was granted. Doc. 11-19 at 3. The search and seizure claim was raised in his direct appeal. Doc. 11-7. Consequently, the court treats Merrill's argument to be that his appellate counsel's ineffective assistance constitutes cause for Merrill's failure to preserve the search and seizure claim.

Constitutionally ineffective assistance of appellate counsel can be used as cause to excuse procedural default, but it does not apply in Merrill's case. The ineffective assistance of counsel argument, itself, must be raised as an *independent* claim before the state court. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Like other federal claims, the ineffective assistance claim must also be raised properly in state court. *Id.* at 452. If the ineffective assistance of counsel claim is not raised properly in state court, or if it is raised but procedurally defaulted under an adequate and independent state ground, then the

ineffective assistance of counsel claim cannot be used as cause to excuse procedural default of another claim in a § 2254 proceeding. *Id.* at 452–53. A petitioner may then attempt to excuse the default of *that* ineffective assistance of counsel claim by showing cause and prejudice. *Id.* at 453.

Here, Merrill argues that he failed to preserve his search and seizure claim because of his counsel's incorrect advice that he could no longer raise it. Merrill did raise his appellate attorney's failure to preserve a complete record on the search and seizure argument in his second, pro se Rule 32 proceeding. Doc. 11-19 at 13–15. When it addressed Merrill's second Rule 32 petition, the Court of Criminal Appeals explained that "although this is the second petition Merrill has filed, it is his first after his appeal was affirmed, and Rule 32.2(b) [precluding successive petitions] is inapplicable." Doc. 11-13 at 3 n.1. Thus, as a practical matter, Merrill's second Rule 32 proceeding functioned as his first Rule 32 petition. Merrill states that he did not know he could have raised counsel's performance regarding the search and seizure argument in his second Rule 32 petition. But Merrill cannot now use his ignorance of the law or his attorney's poor advice during the post-conviction proceeding as an excuse for his procedural default of the issue. *See Coleman*, 501 U.S. at 752–53 (holding that, in a post-conviction proceeding, petitioner must "bear the risk of attorney error that results in a procedural default"); *Harmon*, 894 F.2d at 1275 (holding that pro se status does not suggest that "an issue is intrinsically beyond the pro se petitioner's ability to present"). Furthermore, even assuming the issue Merrill now raises had been implicitly raised in the second Rule 32 petition, Merrill failed to exhaust his state remedies by seeking rehearing before the Court of Criminal Appeals

and then seeking further review before the Alabama Supreme Court. By failing to pursue his claim, Merrill failed to give the state courts a full chance to resolve the issue first. *See Pruitt*, 348 F.3d at 1359. Merrill has lost his chance for review in state court of his ineffective assistance of appellate counsel claim and, as the state court ruled in Merrill's third Rule 32 petition, his attempt to raise it now would be barred as successive. Doc. 11-19 at 13; *see* Ala. R. Crim. P. 32.2(d) ("In no event can relief be granted on a claim of ineffective assistance of trial or appellate counsel raised in a successive petition."); *Hunt*, 666 F.3d at 730 (holding that Rule 32.2(d) is an adequate and independent state court ground precluding review). Merrill provides no excuse for his default of his ineffective assistance of appellate counsel claim. Therefore, Merrill cannot use ineffective assistance of appellate counsel as a gateway to address his defaulted claim regarding the search and seizure. *See Edwards*, 529 U.S. at 453–54.

Merrill does not argue that he can show cause and prejudice for his failure to preserve his other defaulted claims. Merrill also does not argue that this court must address his federal claims to avoid a miscarriage of justice. Docs. 14 & 15. Consequently, Merrill's procedurally defaulted claims are foreclosed from federal habeas review. Because Merrill's claims are defaulted without exception, the court does not address Respondents' other arguments in response to Merrill's petition for habeas relief.

## IV. EVIDENTIARY HEARING

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*,

550 U.S. 465, 474 (2007) (citation omitted). The court is not required to hold an evidentiary hearing on Merrill's claims, however, because "the record refutes the applicant's factual allegations or otherwise precludes habeas relief." *Id.*

## V. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner James Merrill, Jr., be DENIED and DISMISSED with prejudice.

It is further ORDERED that on or before **September 6, 2017** the parties may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Secs.*, Inc., 667 F.2d 33 (11th Cir. 1982)

DONE on the 24th day of August, 2017.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE